NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY JOSEPH PODLUCKY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1328

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01634-RAH, Judge Richard A. Hertling.

---

Decided: July 26, 2022

---

GREGORY JOSEPH PODLUCKY, Colorado Springs, CO, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

PER CURIAM.

Gregory Joseph Podlucky appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject-matter jurisdiction. Because Mr. Podlucky fails to identify a money-mandating source of substantive law for his claim, we *affirm*.

## BACKGROUND

This is our third case this year involving Mr. Podlucky. *Podlucky v. United States*, No. 2021-2226, 2022 WL 1791065 (Fed. Cir. 2022) (non-precedential); *Podlucky v. United States*, No. 2022-1319 (Fed. Cir. July 6, 2022). We recite only the facts necessary to resolve this case.

In 2011, Mr. Podlucky pleaded guilty to tax evasion, mail fraud, and conspiracy to commit money laundering. *United States v. Podlucky*, No. CR 09-278, 2021 WL 1124907, at \*1 (W.D. Pa. Mar. 24, 2021). In 2019, after his case closed, Mr. Podlucky requested entry of a \$22.5 billion default judgment against the United States, reasoning it failed to respond to various motions and filings. Entering a Default Judgment by the Clerk, *United States v. Podlucky*, No. CR 09-279 (W.D. Pa. July 16, 2019), ECF No. 525 at 20. Apparently believing that the district court had entered such judgment and thus "cur[ed] all delictual faults," Mr. Podlucky withdrew all of his pending motions and filings. Withdrawal of All Petitions, Motions, Judicial Notices and Other Pleadings, *United States v. Podlucky*, No. CR 09-279 (W.D. Pa. Mar. 16, 2021), ECF No. 543 at 1. Mr. Podlucky did not appeal.

In 2021, Mr. Podlucky sued the United States in the Court of Federal Claims, seeking to enforce the supposed default judgment. The Court of Federal Claims dismissed for lack of subject-matter jurisdiction. It reasoned that there was "no default judgment that a judge has entered"

and that, even if there were, enforcement of it would be outside the Court of Federal Claims' authority. *Podlucky v. United States*, No. 21-1634C, 2021 WL 6058866, at \*5–6 (Fed. Cl. Dec. 22, 2021). Mr. Podlucky appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

#### DISCUSSION

We review the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Tucker Act, 28 U.S.C. § 1491, limits the Court of Federal Claims' jurisdiction to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act alone does not supply a substantive cause of action; "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

Even if there were a default judgment to enforce, Mr. Podlucky fails to identify a money-mandating source of substantive law for his claim. He cites "the Constitution" but does not identify any specific provision that allegedly applies. Podlucky Br. 77. Nor are we aware of any applicable provision. "[T]he absence of a money-mandating source [is] fatal to the [Court of Federal Claims'] jurisdiction under the Tucker Act." *Fisher*, 402 F.3d at 1173. Accordingly, we affirm the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction.

#### **AFFIRMED**

#### COSTS

Appellant shall bear costs.